IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Greene, Jr., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>IGC Ms. Pulliam, )<br>Ms. Krueger, *Warden's Secretary*, )<br>ADA David Martinez, )<br>Warden Kenneth Sharpe, Regional )<br>Director Clarke, Major Roberts, Assoc. )<br>Warden Chuvula, Captain Johnson, )<br>Major Meeks, Lt. McFadden, )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No. 4:24-cv-5308-BHH<br><br>**<u>ORDER</u>** |

    This matter is before the Court upon Plaintiff David Greene, Jr.'s ("Plaintiff") *pro se* complaint. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

    On October 4, 2024, the Magistrate Judge issued a proper form order, giving Plaintiff the opportunity to identify the John Doe Defendants named in his initial complaint, and Plaintiff submitted service documents with named Defendants. (*See* ECF Nos. 6, 9.) On October 17, 2024, the Magistrate Judge issued a second proper form order instructing Plaintiff to file an amended complaint. (ECF No. 12.) Plaintiff filed an amended complaint, but it appeared to be missing attachments as to the requested relief and as to an alleged affidavit, so the Court ordered Plaintiff to file any missing attachments to render a full amended complaint. (ECF Nos. 15, 17.) Plaintiff filed an additional attachment in November of 2024 (ECF No. 15-2), but on November 12, 2024, the Magistrate Judge

issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action for failure to state a claim upon which relief can be granted. (ECF No. 22.)

In the Report, the Magistrate Judge outlined Plaintiff's allegations, which pertain to events occurring in state prison between November 2022 and June 2023. As the Magistrate Judge noted, Plaintiff alleges he is a diabetic and that he required a unique dietary pattern to stabilize his blood sugar levels. According to Plaintiff, he was denied diabetic meals, which resulted in the worsening of his health. As to these allegations, however, the Magistrate Judge found that Plaintiff does not allege any personal action regarding meals and any of the named Defendants. (ECF No. 22 at 4.) Likewise, the Magistrate Judge found that Plaintiff does not allege any personal action on the part of the named Defendants with regard to his general claim that he was denied access to a shower with special accommodations. (*Id.* at 5.) Furthermore, to the extent Plaintiff is attempting to allege supervisory liability, the Magistrate Judge explained that "Plaintiff does not allege who was the denier of showers such that it is unclear whether the denier was a subordinate of the named Defendants." (*Id.* at 6.)

As to Plaintiff's claim that his cell mate was on drugs, the Magistrate Judge explained that Plaintiff does not allege any injury from his cell mate to support a failure-to-protect claim. And the Magistrate Judge found that Plaintiff makes no specific allegations about the ADA, such as which accommodations were requested, which were denied, and whether the requested accommodations were reasonable. (*Id.* at 7.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right

2

to file written objections to the Report within fourteen days of being served with a copy.[1] On November 26, 2024, Plaintiff filed objections to the Report, wherein he asserts that the Magistrate Judge unfairly assessed and misinterpreted his claims. (ECF No. 24 at 1.) Critically, however, nowhere does Plaintiff point to any specific portion of the Report to which he objects. Rather, he appears to generally object to the Report as a whole, asserting that his case is not frivolous; that his claims are clear and coherent; and that a causal connection exists between the conduct alleged and the Defendants involved. (*Id.* at 1-2.) Plaintiff further states that "it should be clear that Plaintiff has indeed detailed a substantial claim that necessitates action," but he offers no additional specific information to support his claims, whether pursuant to the Constitution or the Americans with Disabilities Act. After review, therefore, the Court finds Plaintiff's unavailing. Stated plainly, Plaintiff does not point to any legal or factual errors in the Magistrate Judge's analysis, and the Court agrees with the Magistrate Judge that Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted. .

**Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 22); the Court overrules Plaintiff's objections (ECF No. 24); and the Court dismisses this action with prejudice under § 1915(e) and § 1915A and**

---

[1] The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**without issuance and service of process.**

      **IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

April 8, 2025  
Charleston, South Carolina